787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK FIORELLO, DAVID COOPER, NORMAN T. GRAY, TROY LADDIS,
ARTHUR R. SWANEY, on their own behalf, and on behalf of a
class of former Eaton Corporation employees who are
similarly situated, Plaintiffs-Appellants,
v.
EATON CORPORATION; MECHANICS EDUCATION SOCIETY OF AMERICA,
UNION LOCAL #21; INTERNATIONAL UNION OF MECHANICAL
EDUCATION SOCIETY OF AMERICA,
Defendants-Appellees.
 85-3266
 United States Court of Appeals, Sixth Circuit.
 3/31/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs/appellants Frank Fiorello, Dale Cooper, Norman T. Gray, Tony Laddis and Arthur R. Swaney (plaintiffs) appealed the summary judgment in favor of the defendants Eaton Corporation (Eaton), Mechanic's Education Society of America, Union Local #21, and Mechanics Education Society of America, AFL-CIO, (the unions) in this hybrid Sec. 301 action for breach of a collective bargaining agreement and unfair representation.
 
 
 2
 Plaintiffs were employed by Eaton Corporation (Eaton) at its Cleveland, Ohio axle plant and were also members of the defendant unions. Plaintiffs were laid off in early 1984 pursuant to the terms and conditions of two collective bargaining agreements negotiated in 1976 and 1979, each of which incorporated a 'relocation clause' which permitted layoffs of employees if necessitated by the relocation of Eaton's facility.
 
 
 3
 Between June 25, 1981 and February 22, 1984, plaintiffs initiated and pursued a series of grievances against Eaton which were all processed by the unions through the procedures then in effect pursuant to a January, 1982 amendment to the collective bargaining agreements between Eaton and the unions.
 
 
 4
 On March 12, 1984, plaintiffs commenced this action against Eaton and the unions alleging breach of the collective bargaining agreements and breach of the duty of fair representation pursuant to Sec. 301(a) of the Labor Management Relations Act of 1947 (as amended), 29 U.S.C. 185(a). The plaintiffs charged improper representation by the unions, conspiracy with Eaton to violate the relocation of work clause of the existing collective bargaining agreements, the unions' failure to monitor the relocation of work, failure of the union to protect existing rights of the plaintiff and circulating misleading summaries to members of the union of Eaton's economic condition. The defendant Eaton and the unions answered on April 27 and May 27, 1984. On June 18, 1984, three months after the complaint had been filed, the unions moved for summary judgment. The motion was fully supported by affidavits and other documentary evidence as well as a memorandum of law. Thereafter plaintiffs moved for three consecutive leaves to plead to the unions' motion for summary judgment. On September 5, 1984, Eaton filed a memorandum of law supporting the unions' motion for summary judgment, together with a motion to stay discovery pending disposition of the motion for summary judgment. On September 17, 1984, the unions filed a supplemental motion for summary judgment alleging the failure of the plaintiffs to state a claim upon which relief could be granted. Plaintiffs requested and were granted an additional leave to plead.
 
 
 5
 On October 23 1984, the district court granted Eaton's motion to stay discovery noting that the time for discovery had expired on September 12, 1984 and plaintiffs had failed to timely request an extension to further pursue discovery. It should be noted that during the intervening eight months, plaintiffs had not commenced or pursued discovery in any form beyond a limited number of interrogatories directed to Eaton.
 
 
 6
 Shortly before 4:00 p.m. on the afternoon of October 30, 1984, the date upon which plaintiffs' fourth extension to pursue discovery expired, they filed a Federal Rule of Civil Procedure 56(f) motion. In their motion, plaintiffs requested four additional months to conduct limited discovery or, in the alternative, an extension of two months within which to respond to the unions' summary judgment motions. On October 31, plaintiffs moved for an additional six-month extension to conduct full discovery pursuant to Federal Rule of Civil Procedure 26(b). Both motions elicited timely responses by the defendants. On November 7, 1984, the district court denied plaintiffs' motion to extend discovery.
 
 
 7
 Thereafter, plaintiffs did nothing to pursue their causes of action. On January 31, 1985, over two months after plaintiffs had filed their last pleadings, the district court granted the unions' motion for summary judgment, which also inured to the benefit of Eaton,[1] concluding that the evidence then before the court disclosed that the unions had acted in accordance with all grievance procedures and the record was devoid of any conflicting material facts to reflect that the unions acted arbitrarily or in bad faith. Moreover, the court also observed that the plaintiffs' charges, anchored in alleged wrongful conduct by the unions, during the negotiation of the 1982 collective bargaining agreement, occurred more than two years prior to the date of the commencement of the instant action and was therefore barred by the six-month statute of limitations applicable to Sec. 301 actions against the unions. The court alternatively dismissed the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
 
 
 8
 On February 6, 1985, plaintiffs filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), together with a 56(f) motion charging error in granting summary judgment. The trial court overruled both motions.
 
 
 9
 This court has reviewed the decision of the trial court, the assignments of error, the record in its entirety as presented, and the briefs and oral arguments of counsel and concludes that the judgment of the district court should be AFFIRMED for the reasons articulated in the well-reasoned opinion of Judge Aldrich.
 
 
 
 *
 Hon. James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In a Sec. 301(a) action, an employee has the dual burden of establishing both the union's breach of the duty of fair representation and a breach of the collective bargaining agreement by his employer. Vaca v. Sipes, 386 U.S. 171, 187, 87 S.Ct. 903, 915 (1967). Both elements must be proved before an employee is entitled to relief under Sec. 301(a). Findley v. Jones Motor Freight, 639 F.2d 953, 958. In the case at bar, the failure of plaintiff to support charges of the union's breach of duty of fair representation was also fatal to its cause of action against Eaton